UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

```
------------------------------------------------------------- x
In re:                                        :    Chapter 7
                                              :
IMPRESSIONS MEDSPA LLC,                       :    Case No.:  8:19-bk-04098-RCT
                                              :
         Debtor.                              :
------------------------------------------------------------- x
```

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## NOTICE OF OPPORTUNITY TO
## OBJECT AND REQUEST FOR HEARING

**PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THE RELIEF REQUESTED IN THIS PAPER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS FROM THE DATE SET FORTH ON THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS FOR SERVICE IF ANY PARTY WAS SERVED BY U.S. MAIL.**

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE A RESPONSE WITH THE CLERK OF THE COURT AT SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 NORTH FLORIDA AVENUE, SUITE 555, TAMPA, FLORIDA 33602, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, JOEL W. HYATT, HAHN LOESER & PARKS LLP, 2400 FIRST STREET, SUITE 300, FORT MYERS, FL 33901, AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED. IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER SCHEDULE AND NOTIFY YOU OF A HEARING OR CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING.**

**IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

Ascentium Capital LLC ("Ascentium"), by and through its undersigned counsel, respectfully moves this court pursuant to sections 362(d) of title 11 of the United States Code for

entry of an order (a) granting Ascentium relief from the automatic stay so that Ascentium may take any and all necessary steps to exercise its rights and remedies with respect to certain Equipment (as defined in the attached Memorandum in Support) financed by Ascentium for debtor Impressions MedSpa LLC ("Debtor"); (b) waiving the 14-day stay on orders granting relief from the automatic stay pursuant to Rule 4001(a)(3) and, to the extent applicable, Local Bankruptcy Rule 4001-1(c)(3); and (c) granting Ascentium such other and further relief to which it is justly entitled.  A Memorandum in Support of this motion is attached hereto and incorporated by reference herein.

                                                Respectfully submitted,

June 7, 2019

                                                /s/ *Joel W. Hyatt*
                                                Joel W. Hyatt, Esq. (Florida Bar No. 106401)
                                                jhyatt@hahnlaw.com
                                                Hahn Loeser & Parks LLP
                                                2400 First Street, Suite 300
                                                Fort Myers, FL 33901
                                                Telephone:  239-337-6700
                                                Fax:  239-337-6701

                                                *Attorneys for Ascentium Capital LLC*

**MEMORANDUM IN SUPPORT**

**I.     BACKGROUND**

1. On or about December 12, 2017, Impressions MedSpa LLC ("Debtor") and Ascentium Capital LLC ("Ascentium") entered into an Equipment Finance Agreement (Agreement No. 2265811) (the "Agreement") pursuant to which Ascentium financed, among other things, the Debtor's purchase of a CynoSure Laser (together with all attachments, accessories, and proceeds thereof, including without limitation insurance proceeds, collectively, the "Equipment"). The Agreement provides, *inter alia*, for the Debtor to make six (6) monthly payments in the amount of $99.00 each, followed by sixty (60) monthly payments in the amount of $4,654.88 each. A true and correct copy of the Agreement and related documentation is attached hereto collectively as Exhibit A. LBR 4001-1(c)(1)(A) (providing that motions for relief from the automatic stay shall be accompanied by applicable loan documents).

2. In order to secure Debtor's complete and timely payment and performance of its obligations under the Agreement, Debtor granted Ascentium a security interest in the Equipment. (Agreement at 1.)

3. Debtor is a Florida limited liability company. *See* Exhibit B hereto (Detail by Entity Name, Florida Division of Corporations). Accordingly, on December 12, 2017, Ascentium perfected its security interest in the Equipment by filing a UCC-1 Financing Statement in the Florida Secured Transaction Registry, a true and correct copy of which is attached hereto as Exhibit C. LBR 4001-1(c)(1)(A) (providing that motions for relief from the automatic stay shall be accompanied by documents evidencing attachment and perfection of security interests).

4. On April 30, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")[1] with the clerk of this Court.

5. Prior to the Petition Date, Debtor breached and defaulted in its obligations under the Agreement by failing, since at least February 15, 2019, to make any payments under the Agreement. LBR 4001-1(c)(1)(C) (requiring a statement of any default). Pursuant to Local Rule 4001-1(c)(1)(C) (requiring a statement of indebtedness), as of the Petition Date, the following amounts were owed:

| EFA 2265811 | Amount (U.S. Dollars) |
|---|---|
| Past Due Payments | $9,309.76 |
| Site Inspection Charges | $335.00 |
| Default Interest on Past Due Amounts | $144.31 |
| Future Payments Accelerated | $214,208.86 |
| Total (the "Balance") | $223,997.93 |

6. As a result of Debtor's default, Ascentium recovered the Equipment prior to the Petition Date, on April 24, 2019.

7. Based upon Inspection Report & Valuation (the "Valuation") prepared by Global Inventory Management, as of June 6, 2019, the combined, estimated fair market value of the Equipment was $65,000.00 (the "Estimated Value"). A copy of the Valuation is attached hereto as Exhibit D. *Compare* Schedules of Assets and Liabilities (Schedule D) [ECF No. 1] (setting

---

[1] Unless otherwise stated herein, all "Section" references are to the Bankruptcy Code, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "LBR" references are to the Local Bankruptcy Rules of this Court.

11007165.1

forth $41,767.54 value of Equipment).  LBR 4001-1(c)(1)(B) (requiring statement of value if the basis for the motion is lack of equity under Section 362(d)(2)(A)).

## II.     JURISDICTION AND VENUE

8.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and for this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III.    LAW AND ARGUMENT

### A.     Relief from the Automatic Stay

9.    Section 362(d) provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization[.]"  11 U.S.C. § 362(d)(2).

10.   The Balance exceeds the Estimated Value by at least $158,997.93, which amount is increasing daily due to the passage of time and depreciation of the Equipment.  Debtor, therefore, lacks equity in the Equipment.  Further because Debtor is liquidating under Bankruptcy Code Chapter 7, the Equipment is not necessary for an effective reorganization.  Accordingly, Ascentium is entitled to relief from the automatic stay pursuant to Section 362(d)(2) so that Ascentium may take any and all necessary steps to exercise its rights and remedies in with respect to the Equipment only, including, without limitation, by conducting a

commercially reasonable sale thereof in order to mitigate its anticipated deficiency claim against the estate.[2]

## B. REQUEST FOR WAIVER OF 14-DAY STAY OF RULE 4001(A)(3)

11. Unless the Court orders otherwise, any order granting relief from the automatic stay of Section 362(a) is stayed until the expiration of 14 days after entry. Fed. R. Bankr. P. 4001(a)(3). Ascentium respectfully submits such 14-day stay should be waived with respect to any order granting Ascentium relief from the automatic stay. The Equipment continues to depreciate in value and is wholly unnecessary to any business operations because Debtor is liquidating.[3]

## IV. NOTICE OF MOTION AND RESERVATION OF RIGHTS

12. Copies and notice of this motion and of the relief requested herein shall be served on the Debtor, Debtor's counsel, the trustee, the United States Trustee, and all entities known by Ascentium to have filed a notice of appearance or request for receipt of chapter 11 notices and pleadings filed in the case as of the date hereof. Ascentium respectfully reserves the right to amend this motion or to file subsequent motions seeking relief from the automatic stay based upon any other appropriate grounds.

---

[2] Of course, in the unlikely event that the sale of the Equipment results in net proceeds in excess of the Balance, Ascentium will remit such excess proceeds to the Chapter 7 Trustee for administration in this case.

[3] Although Local Rule 4001-1(c)(3) is silent on waivers of the 14-day stay for personal property such as the Equipment, to the extent that the Equipment is most closely analogous to personal property collateral consisting of a vehicle, Ascentium respectfully submits that the current facts establish set forth compelling circumstances for purposes of implementing the requested waiver.

11007165.1

WHEREFORE, Ascentium respectfully requests that this Court (a) enter an order granting this motion and (1) granting Ascentium relief from the automatic stay so that Ascentium may take any and all necessary steps to exercise its rights and remedies with respect to the Equipment only; and (2) waiving the 14-day stay on orders granting relief from the automatic stay pursuant to Rule 4001(a)(3) and, to the extent applicable, Local Bankruptcy Rule 4001-1(c)(3); and (b) grant Ascentium such other and further relief to which it is justly entitled.

Respectfully submitted,

June 7, 2019

/s/ *Joel W. Hyatt*
Joel W. Hyatt, Esq. (Florida Bar No. 106401)
jhyatt@hahnlaw.com
Hahn Loeser & Parks LLP
2400 First Street, Suite 300
Fort Myers, FL 33901
Telephone: 239-337-6700
Fax: 239-337-6701

*Attorneys for Ascentium Capital LLC*

11007165.1

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Motion for Relief From the Automatic Stay* has been served upon each of the following parties by the method indicated on this 7th day of June 2019:

**Mailing Information for Case 8:19-bk-04098-RCT**

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Stephenie Biernacki Anthony    santhony@anthonyandpartners.com, lwright@anthonyandpartners.com;efilings@anthonyandpartners.com;cgay@anthonyandpartners.com
- Dawn A Carapella    dcarapellatrustee@gmail.com, FL87@ecfcbis.com
- Joel W Hyatt    jhyatt@hahnlaw.com, cmbeitel@hahnlaw.com;ridebitetto@hahnlaw.com
- James D. Jackman    jackmanesq@aol.com, jackmanecfnotices@gmail.com;lorraine.jamesdjackmanesq@gmail.com;tammey.jackmanlaw@gmail.com;ecf.jackmanlaw@gmail.com;r45207@notify.bestcase.com
- United States Trustee - TPA7/13    USTPRegion21.TP.ECF@USDOJ.GOV

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

                                            */s/ Joel W. Hyatt*
                                            Attorney for Ascentium Capital LLC



# EQUIPMENT FINANCE AGREEMENT
## Agreement No. 2265811

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| DEBTOR ("you" or "your"): | ADDRESS | TERM: |
|---|---|---|
| IMPRESSIONS MEDSPA LLC | 2453 BEE RIDGE RD SARASOTA FL 34239 | 66 |

**PAYMENT SCHEDULE:** 6 @ $99.00, 60 @ $4,654.88

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records. In whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** CYNOSURE LASER

**Agreement.** Ascentium Capital LLC ("Lender", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA.

**Disclaimer of Warranties and Claims.** We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason. You acknowledge you selected the Collateral and the supplier and your supplier is not our agent nor are we their agent. You will use the Collateral for commercial purposes only and in compliance with law.

**Collateral.** You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our members, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. You agree to pay us documentation fees and all other fees we deem necessary.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**Default and Remedies.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this EFA when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this EFA, or (iv) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us, (d) sell, dispose of, hold, or lease the Collateral, (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorneys' fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of courts located in California in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conveniens and waive any right to a jury trial. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You will not assign your rights under this EFA, or permit the Collateral to be used by anyone other than you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to any claims, defenses or set offs that you may have against us. This EFA sets forth the entire understanding of the parties with respect to its subject matter and may only be amended in writing signed by both parties. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA (whether delivered by facsimile, in in portable document format (PDF) or otherwise) shall be deemed an original for all purposes. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set forth above or to Lender at 23970 HWY 59 N, Kingwood, TX 77339-1535, or such other address given to the sender by written notice.

By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Lender to pay the supplier on behalf of the Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.

| Debtor Name: | IMPRESSIONS MEDSPA LLC | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | /s/ Greg Damrey | By: | /s/ Bryan Wheeler |
| Printed Name and Title: | GREGORY DAMREY, Member | Printed Name and Title: | Bryan Wheeler, Senior Vice President |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law and venue provisions of the EFA shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| Guarantor Signature: | /s/ Greg Damrey | Printed Name: | GREGORY DAMREY |
|---|---|---|---|
| Guarantor Signature: | | Printed Name: | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Lender or Lender's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you from time to time under the EFA. This Authorization is to remain in effect during the Term of the EFA and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to Lender by either a credit or debit to Debtor's account.

| Bank Name: | JP MORGAN CHASE BANK | Acct Holder Name: | IMPRESSIONS MEDSPA LLC |
|---|---|---|---|
| Account No: | | ABA No: | 267084131 |
| Authorized Signature: | /s/ Greg Damrey | Printed Name and Title: | GREGORY DAMREY, MEMBER |

1401-20161202



EXHIBIT A



**PREPAYMENT ADDENDUM**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2265811**

This Prepayment Addendum ("Addendum") supplements and amends that certain equipment finance agreement, lease, rental, installment payment, conditional sale or similar agreement identified by the Ascentium agreement number set forth above ("Agreement") between Ascentium Capital LLC ("Ascentium") and IMPRESSIONS MEDSPA LLC and pertaining to the property described in the Agreement. The following is hereby added as a new section to the Agreement:

"**Prepayment**: Notwithstanding any other provision of this Agreement, you may prepay this Agreement, in whole but not in part, at any time after the one year anniversary of the due date of the first payment of monthly rent, debt service or purchase price installment, as applicable, due under this Agreement and so long as the first twelve Payments have been made as specified herein and no default has occurred and is continuing under the terms of this Agreement, by paying Ascentium the "Unpaid Principal Balance". Ascentium shall specify the Unpaid Principal Balance which, absent manifest error, shall be binding and conclusive. No prepayment penalty shall be added to the Unpaid Principal Balance."

You agree that a facsimile or other copy of this Addendum, as executed, shall be deemed the equivalent of an originally executed copy for all purposes, and except as amended by this Addendum, the Agreement remains in full force and effect.

**IMPRESSIONS MEDSPA LLC**

Signature: _[signed]_
Printed Name: GREGORY DAMREY
Title: Member

2301-20160913

# CYNOSURE
## Be transformed

5 Carlisle Rd
Westford, MA 01886
Telephone: (978)256-4200
Fax: (978)256-6556

| Proforma Invoice No | Invoice Date | Page |
|---|---|---|
| 121217 | 12/12/17 | |
| Sales Order No. | Date Shipped | Bill of Lading |
| 30001615 | | |
| Method of Shipment | Freight Terms | |
| DAND | | |

| Sales Agent | Order Date | Customer Purchase Order No. |
|---|---|---|
| | | |
| Payment Terms | | |
| UPON RECEIPT | | |

1015059
BILL TO  IMPRESSIONS MEDSPA LLC
2453 BEE RIDGE RD.
SARASOTA, FL 34239

SHIP TO  IMPRESSIONS MEDSPA LLC
2453 BEE RIDGE RD.
SARASOTA, FL 34239

| Item | Product Number / Product Description | Quantity Invoiced / Quantity Backordered | UOM | Unit Price | Net Extension | Tax |
|---|---|---|---|---|---|---|
| 1 | 105-0056-810 SLT II LASER SYSTEM, M094E1 | 1 | EA | 195,750.00 | 195,750.00 | |
| 2 | 105-2500-000 Icon Laser System W/ACCESSORIES | 1 | EA | | | |

|  |  |
|---|---|
| Subtotal | 195,750.00 |
| Freight | 1,000.00 |
| Tax | 12,087.70 |
| TOTAL | 208,837.70 |



# PURCHASE ORDER

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2265811**

"Secured Party":
Ascentium Capital LLC
23970 Hwy 59 North
Kingwood, TX 77339

"Customer":
IMPRESSIONS MEDSPA LLC
2453 BEE RIDGE RD
SARASOTA, FL 34239

"Supplier":
Cynosure, Inc
5 CARLISLE RD
WESTFORD, MA 01886

"Contingencies":

Vendor Tax ID :

Provide Invoice Showing (Invoice can include Sales Tax):
Sold To: IMPRESSIONS MEDSPA LLC

Ship To: IMPRESSIONS MEDSPA LLC

"Equipment": *See attached invoice(s) or equipment list.*
Equipment Price: $208,837.70

"Approval Expiration Date": 05/08/18

This Purchase Order is subject to receipt and acceptance of all executed final documents as required by the Secured Party, including all of the contingencies listed above, and is subject to the following terms and conditions.

1. This Purchase Order must be accepted as written, including but not limited to the cost to Secured Party of the Equipment covered hereby including applicable taxes.
2. Secured Party shall have no obligation to purchase any Equipment that is not delivered and operational by the Approval Expiration Date shown above, which date may only be extended at the sole and exclusive option of Secured Party.
3. Delivery shall not be deemed to be complete, and accordingly Secured Party shall have no obligation hereunder, as to any Equipment until the Equipment has been received and accepted by Customer and is operational for purposes of the contract between Secured Party and Customer and Secured Party is directed to pay Supplier by Customer, notwithstanding any contrary agreement by Customer. The risk of loss or damage of the Equipment while in transit and until such acceptance occurs and on all Equipment rejected for acceptance by the Customer shall be upon Supplier. Termination of such contract by Secured Party as to any Equipment covered hereby shall terminate this Purchase Order as to such Equipment without notice to Supplier or liability to Secured Party.
4. Acceptance of all or any part of the Equipment shall not be deemed to be a waiver of Secured Party's right either to cancel this order as to future deliveries or to return all or any part of the Equipment already delivered hereunder because of failure to conform to order or by reason of defects, latent or other, or other breach of warranty, express or implied, or to make any claim for damages suffered by Secured Party. Such rights shall be in addition to any other remedies provided by law.
5. Supplier hereby agrees to indemnify Secured Party and hold Secured Party harmless from and against all claims, actions, liabilities, losses, damages and expenses, including court costs and counsel fees, imposed on, incurred by or asserted against Secured Party as a result of (a) breach of any of Supplier's warranties hereunder, (b) any actual or alleged latent or other defects (including claims under the doctrine of strict liability in tort) and (c) any claims of trademark, patent or copyright infringement with respect to any of the Equipment covered by this order. Such obligations shall survive acceptance of the Equipment covered hereby and payment therefore by Secured Party.
6. Supplier warrants that the Equipment covered by this order is fit and safe for its intended use and that Equipment has been manufactured in accordance with the requirements of the Fair Labor Standards Act and all other applicable federal, state and municipal laws, rules and regulations.
7. This Purchase Order shall be governed by the laws of the State of New Jersey. If any legal action is necessary to enforce this Purchase Order, the prevailing party shall be entitled to receive reasonable attorneys' fees, costs and expenses, including court costs incurred by prevailing party.
8. This Purchase Order may not be modified or terminated orally, and no modification or termination nor any claimed waiver of any of the provisions hereof shall be binding unless in writing and signed by the party against whom such modification, termination or waiver is sought to be enforced. Supplier or Customer may not assign this Purchase Order to any other party without the consent of the Secured Party.
9. If requested by Secured Party, Supplier shall deliver to Secured Party and Customer at the time Supplier invoices Secured Party for the Equipment covered hereby Supplier's written warranties as required by this Order and by Customer's order number referenced on the warranties, written or oral, express or implied, whether or not so separately acknowledged, and all Supplier's indemnities hereunder are for the benefit of, and may be enforced by, Secured Party or Customer or either of them.

This confirms Customer's order, and cancels and supersedes any other order by Customer for the above Equipment.

Ascentium Capital LLC

By: *[signature]*    Title: Senior Vice President - Vendor Services    Date: December 12, 2017

431-20151027



Department of State / Division of Corporations / Search Records / Detail By Document Number /

## Detail by Entity Name

Florida Limited Liability Company
IMPRESSIONS MEDSPA LLC

### Filing Information

| | |
|---|---|
| **Document Number** | L08000089779 |
| **FEI/EIN Number** | 26-3433844 |
| **Date Filed** | 09/19/2008 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | LC NAME CHANGE |
| **Event Date Filed** | 07/10/2017 |
| **Event Effective Date** | NONE |

### Principal Address

2453 BEE RIDGE RD
SARASOTA, FL 34239

Changed: 07/10/2017

### Mailing Address

6818 TURNBERRY ISLE CT
LAKEWOOD RANCH, FL 34202

Changed: 01/04/2012

### Registered Agent Name & Address

GREGORY DAMERY MD
6818 TURNBERRY ISLE CT
LAKEWOOD RANCH, FL 34202

### Authorized Person(s) Detail

**Name & Address**

Title MGRM

DAMERY, GREGORY MD
6818 TURNBERRY ISLE CT
LAKEWOOD RANCH, FL 34202

### Annual Reports

| Report Year | Filed Date |
|---|---|
| 2017 | 01/08/2017 |


EXHIBIT B

| | |
|---|---|
| 2018 | 01/12/2018 |
| 2019 | 02/09/2019 |

## Document Images

| | |
|---|---|
| 02/09/2019 -- ANNUAL REPORT | View image in PDF format |
| 01/12/2018 -- ANNUAL REPORT | View image in PDF format |
| 07/10/2017 -- LC Name Change | View image in PDF format |
| 01/08/2017 -- ANNUAL REPORT | View image in PDF format |
| 01/30/2016 -- ANNUAL REPORT | View image in PDF format |
| 01/10/2015 -- ANNUAL REPORT | View image in PDF format |
| 03/16/2014 -- ANNUAL REPORT | View image in PDF format |
| 01/26/2013 -- ANNUAL REPORT | View image in PDF format |
| 01/04/2012 -- ANNUAL REPORT | View image in PDF format |
| 03/15/2011 -- ANNUAL REPORT | View image in PDF format |
| 01/27/2010 -- ANNUAL REPORT | View image in PDF format |
| 01/08/2009 -- ANNUAL REPORT | View image in PDF format |
| 09/19/2008 -- Florida Limited Liability | View image in PDF format |

Florida Department of State, Division of Corporations



**EXHIBIT C**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions            61882948
P.O. Box 29071
Glendale, CA 91209-9071    FLFL

File with: Department of State, FL

FLORIDA SECURED TRANSACTION REGISTRY

# FILED
2017 Dec 12 AM 10:58
**** 201703503595 ****
***C * 12121787169401-35.00***35.00***

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: IMPRESSIONS MEDSPA LLC

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2453 BEE RIDGE RD | SARASOTA | FL | 34239 | USA |

**2. DEBTOR'S NAME:** (blank)

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: C T Corporation System, as representative

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 330 N Brand Blvd, Suite 700, Attn: SPRS | Glendale | CA | 91203 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
The equipment, personal property and other assets (collectively, "Property"), financed under, covered by or described in the lease, rental, equipment finance agreement or installment payment agreement designated as Agreement No. 2265811, together with all replacements for, additions to, substitutions for and accessions to the Property and all proceeds of any of the foregoing, including, without limitation, proceeds of insurance. Secured party/lessor and debtor/lessee agree that that a more detailed description of the Property being financed shall be maintained by secured party/lessor among its books and records in whatever more detailed description of the Property financed is received from the supplier of such Property and, absent manifest error, such detailed description shall be deemed dispositive and considered incorporated into the Agreement.

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22.F.S. have been paid

☒ Florida documentary stamp tax is not required

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
61882948

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282



## GLOBAL INVENTORY MANAGEMENT

# Cosmetic Laser Inspection Report & Valuation

Please fill this form as completely as possible and email or fax back to (603) 516-0445
Phone: (603) 516-0440
Mobile: (603) 767-4831
Contact: John A. Byron

| | |
|---|---|
| *Facility Name: 2265811 | Impressions Medspa LLC* | *Contact Person if applicable:* John Byron |
| *Today's 6/6/19* | *Tel #:* 603-516-0440 |
| *Manufacturer:* Cynosure | *Year of Manufacture:* 2017 |
| *Model#:* SmartLipo Triplex | *Serial#:* RN7B2601 |
| *Device:* Cosmetic Laser | *Portable?* yes |
| *Under OEM Service Contract?* No | *When Available?* |
| *Condition: Functions* Properly : TBD | *Location:* Global Inventory Management Dover, NH |
| Under warranty? No | Any missing / malfunctioning parts? |
| Type of Peripheral Included: | FMV: $15,000 |
| Type of Handpiece Included: | Pulse Count |
| Type of Handpiece Included: | Pulse Count |
| Type of Handpiece Included: | Pulse Count |
| Type of Handpiece Included: | Pulse Count |
| Type of Handpiece Included: | Pulse Count |
| When available for inspection? | Will you allow inspection? Yes |

Picture Links:
https://www.dropbox.com/sh/su1wnikzq21rk8v/AADs9iv4Mu8qOVbkQoreYcF2a?dl=0


Comp Links:
https://www.ebay.com/sch/i.html?_from=R40&_trksid=m570.11313&_nkw=2015+Cynosure+SmartLipo+Triplex&_sacat=0&LH_TitleDesc=0&_osacat=0&_odkw=2015+Cynosure+Smart+Lipo+Triplex

https://www.ebay.com/itm/Cynosure-Smart-Lipo-18-Watt/291039469740?hash=item43c34de0ac%3Ag%3AUsMAAOxyVLNSrzUA&_sacat



EXHIBIT D

=0&_nkw=2015+Cynosure+Smart+Lipo+Triplex&_from=R40&rt=nc&_trksid=m570.l1 313



# Cosmetic Laser Inspection Report & Valuation

Please fill this form as completely as possible and email or fax back to (603) 516-0445
Phone: (603) 516-0440
Mobile: (603) 767-4831
Contact: John A. Byron

| | |
|---|---|
| *Facility Name:* 2265811 | Impressions Medspa LLC | *Contact Person if applicable:* John Byron |
| *Today's Date:* 6/6/19 | *Tel #:* 603-516-0440 |
| *Manufacturer:* Cynosure | *Year of Manufacture:* 2017 |
| *Model#:* Icon | *Serial#:* 25-2763 |
| *Device:* Cosmetic Laser | *Portable?* yes |
| *Under OEM Service Contract?* No | *When Available?* |
| *Condition: Functions* Properly : Yes | *Location:* Global Inventory Management Dover, NH |
| Under warranty? No TBD | Any missing / malfunctioning parts? No TBD |
| Type of Peripheral Included: Starter Kit partial | FMV: $50,000 |
| Type of Handpiece Included: | Pulse Count |
| Type of Handpiece Included: | Pulse Count |
| Type of Handpiece Included: | Pulse Count |
| Type of Handpiece Included: | Pulse Count |
| Type of Handpiece Included: | Pulse Count |
| When available for inspection? | Will you allow inspection? Yes |

Picture Links: https://www.dropbox.com/sh/d8pk98pan3bmx2d/AACKc-HDEkFf67vCXTNMdBSXa?dl=0

Comp Links:
Icon Range $35,000 obo to $50,000 ( we sell this unit between $35,000 - $40,000 )

https://www.ebay.com/itm/2015-Cynosure-ICON-Aesthetic-laser-MaxG-1540/282938683771?hash=item41e075b17b:g:7owAAOSwA3dYRwyp

https://www.ebay.com/itm/2015-Palomar-Cynosure-ICON/320542616942?hash=item4aa1d42d6e:g:zbIAAOSwlhxZaOMP

https://www.ebay.com/itm/2014-Palomar-Icon-in-Excellant-condition-for-sale/252877424339?hash=item3ae0ab46d3:g:6PQAAOSwtZJY9k-7

https://www.ebay.com/itm/2015-Palomar-Icon-with-Max-Y-Max-Rs-Max-G/173291125229?hash=item2858f4b9ed:g:JzsAAOSw~AVYranY